HEIRS OF JOSÉ D. and FEDERICO MOLINARY, ETC., Plaintiff and Appellant, v. CENTRAL LOS CAÑOS, INC., Defendant and Appellee.

No. 7799.   Argued May 16, 1939.—Decided May 19, 1939.

*Luis Mercader* for appellant; *G. Zeno Sama* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

In the complaint as the first cause of action it is alleged that José D. Molinary, from whom the plaintiff inherited,. acquired and was the owner until his death of a farm of two *cuerdas* situated in the ward "Dominguito," of Arecibo; that on July 14, 1908, the plaintiffs and appellants were declared the only heirs of the deceased Molinary; and that from that date on the plaintiffs are the only owners in common of said farm. That the defendant sugar corporation has a private railroad to carry its cane and other commodities, and that for that purpose it crosses by means of its tracks the farm of the complainants without the consent of the latter and without paying any consideration whatsoever, thereby imposing an easement of right of way on said property against the will of its owners. That notwithstanding the fact that it has been required to raise its tracks and clear the farm, the defendant has refused to do so and continues passing over the farm.

In the second cause of action it is alleged that the defendand has used the farm of the complainants for the purposes above indicated for 14 years and that this use is reasonably worth the amount of $5,000.

The complainants pray that a judgment be given stating that the farm is free from an easement of right of way in favor of the defendant and ordering the latter to raise its tracks and also ordering it to pay the complainants $5,000 for the use of the property, plus costs and attorney's fees.

The defendant answered denying specifically that deceased Molinary was the owner of the farm on the date of his death and on the contrary alleged that Molinary sold said farm to Alberto Gandía Córdova more than 30 years ago for $300, Gandía later selling it to Pavenstedt Land Company, it later going to different owners who have possessed it without interruption up to the present. The defendant also denied all the acts imputed to it in the complaint and alleged affirmatively that the defendant was a private corporation which was dissolved on June 25, 1931 according to law; that the defendant has never had a railroad which crosses the farm described in the complaint, that it has never been required to raise any tracks and that it has never occupied the farm for any purpose.

The trial was had before the District Court of Arecibo, which rendered a judgment dismissing the complaint and awarding costs to defendant, without including attorney's fees. From the findings of fact and judgment of the lower court we copy as follows:

"(1) The rights alleged in this suit are directed against Central 'Los Caños.' In answering the defendant alleged in the third paragraph that it is not the owner of any industry nor railroad and that Central 'Los Caños' was a private corporation which was dissolved in June 25, 1931.

"The complainants, therefore, had notice that they were suing a dissolved entity and they could have obtained permission of the court at the right time to substitute the defendant, or they could have dismissed the complaint and filed other suit against the real party in interest.

"They did not do so, they went to trial and after presenting their evidence and when by documental and oral evidence it was proven by the other party that Central 'Los Caños' had ceased to do business

as such corporation for more than six years, they requested permission to substitute the defendant entity by another corporation entitled 'Plazuela Sugar Company,' which apparently is the present owner of the industry and which has the railroad formerly owned by Central 'Los Caños' and without there being any evidence whatsoever that this has been merely a change of name, it appearing on the contrary from documental and oral evidence that they are two distinct entities. It is clear that we could not accede to such a substitution at the time and in the manner in which it was requested.

" (2) It appearing, therefore, from the evidence that Central 'Los Caños' does not own a sugar industry nor any railroad which may cross any farm of the complainants, the complaint cannot prosper since it would have no practical effect and any judgment that might be given could not bind the Plazuela Sugar Company.

" (3) Besides this motive, there is another legal reason why we should render judgment against the complainant. The evidence showed (including the proof of the complainants) that they are not in possession of the farm of 2 *cuerdas* which is crossed by the track and on which they deny the existence of an easement.

"The evidence given by the witnesses of the complainants tended to show that that parcel was rented many years ago to Alberto Gandía, who later delivered it to 'Los Caños' without explaining in a satisfactory manner why if he was a lessee from the true owners, he delivered the farm to said *central*.

"Alberto Gandía denied this fact under oath and testified that he bought the parcel for $200.00 from José Molinary, from whom the complainants inherited, in the year 1906 or 1907 and that Molinary died later than 1908. That he was in possession of the farm until 1922, when he sold it to the Pavenstedt Land Company, and that later it passed to Eduardo Giorgetti, who bought said lands."

The complainant heirs appealed and alleged seven errors which we think it is unnecessary to consider since there is a fundamental question which in our opinion was correctly decided by the lower court and which is sufficient reason for us to affirm the judgment appealed from.

■■ When the complainant heirs presented all their evidence, the attorney for the defendant offered in evidence a certificate of the Executive Secretary which certifies that in the records of the office of the Executive Secretary of Puerto

Rico it appears that on June 25, 1931, a certificate was issued of dissolution of the ''Central Los Caños,'' which had been organized as a corporation under the laws of Puerto Rico. The dissolution of said corporation was corroborated by the testimony of its once time manager Mr. Sárraga, who declared also that the tracks that cross the farm described in the complaint belonged to the corporation ''Plazuela Sugar Company,'' which is a distinct juridical entity from that which was called ''Central Los Caños.'' The attorney of the complainants then requested that according to the provisions of Section 141 of the Code of Civil Procedure the name of ''Central Los Caños'' be substituted by that of ''Plazuela Sugar Company'', or that according to the provisions of Section 74 of the same code the Plazuela Sugar Company be notified ''for whatever interest it may have in the decision of this case.'' The court denied the motion holding that it had been filed too late and because it considered that what should have been done was to dismiss the complaint and to file a new suit against the real party in interest, to wit, ''Plazuela Sugar Company.''

Section 141 of the Code of Civil Procedure cited by the appellant to sustain its motion is not applicable to the present case. This is not the case in which a complainant not knowing the name of the defendant so stated in the complaint and designated the defendant by a fictitious name to substitute it by his real name whenever it be discovered. *Armstrong & Co.* v. *Irizarry*, 29 P.R.R. 563.

The complainants filed their suit against ''Central Los Caños'' under the erroneous belief that said corporation was the owner of the railroad. On June 24, 1937, the complainants were informed by the answer filed on that date that the corporation ''Central Los Caños'' had ceased to exist as a juridical entity from the date of its dissolution, June 25, 1931, and that, therefore, it had no legal capacity to sue nor to be sued as a corporation. The fact as to whether said corporation had really been dissolved or not could have been

very easily found out by going to the office of the Executive Secretary of Puerto Rico. The complainants preferred to wait until December 14, 1937, the date of the trial, and to continue the proceedings and present their evidence against a defendant of whose inexistence they had been opportunely notified and with more than sufficient time to have made the necessary substitution.

We do not consider Section 74 of the Code of Civil Procedure applicable either. Between the complainants and the "Central Los Caños" there does not exist nor can there exist any controversy for we have already seen that said entity was dissolved since 1931. It cannot be said, therefore, that this is a case in which the court "when a complete determination of the controversy cannot be had without the presence of other parties" should order the appearance of said other parties. See: *Funtané* v. *Goldberg*, 35 P.R.R. 183. We are also of the opinion that even if Section 74 were applicable to a situation such as that presented in this case, its provisions have been invoked too late since the complainants could have done so when they were notified of the inexistence of the other party that had been notified. The complainants waited until the end of the hearing of the case to then try by a simple motion to bring into court a completely distinct entity which had not been notified and which had had no opportunity whatsoever to confront the witnesses of the complainant. The lower court acted correctly in rendering its judgment of December 16, 1937, which should be affirmed.